Yang Yan PAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–72948.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

Allan A. Samson, Esq., San Francisco, CA, for Petitioner.

Francis W. Fraser, Esq., Efthimia S. Pilitsis, Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Yang Yan Pan, a native and citizen of China, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") order denying his application for asylum, withholding of deportation and relief under the Convention Against Torture ("CAT"). We have jurisdiction under the former 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's adverse credibility findings because Pan's testimony was internally inconsistent, and there were inconsistencies between his testimony, application and supplemental statement going to the heart of his asylum claim, including inconsistencies regarding the extent of his injuries and the number of arrests. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004); *Chebchoub*, 257 F.3d at 1043. Pan also submitted a document with a material, unexplained alteration, and the "genuineness of [this] document[ ] goes to the heart of his claim." *See Desta*, 365 F.3d at 745.

Because Pan failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of deportation. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

We lack jurisdiction to determine the merits of Pan's CAT claim because he failed to exhaust his administrative remedies. *See Guo v. Ashcroft*, 361 F.3d 1194, 1199 n. 1 (9th Cir.2004) (citation omitted).

Pan's motions for stay of voluntary departure are denied as unnecessary pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), and Pan's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.